UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DENNIS TOOLEY, ) | |
| an individual, ) | |
| ) | CASE NO.: 1:18-cv-02383 |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| COLE CV GREENWOOD IN, LLC, ) | |
| a Delaware Limited Liability Company, ) | |
| ) | |
| and ) | |
| ) | |
| CVS PHARMACY, INC., ) | |
| a Rhode Island Corporation, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**FIRST AMENDED COMPLAINT**

Plaintiff, DENNIS TOOLEY, through his undersigned counsel, hereby files this First Amended Complaint and sues COLE CV GREENWOOD IN, LLC, a Delaware Limited Liability Company and CVS PHARMACY, INC., a Rhode Island Corporation, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. § 12181 et seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and alleges:

**JURISDICTION AND PARTIES**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

1

3. Plaintiff, DENNIS TOOLEY (hereinafter referred to as "MR. TOOLEY"), is a resident of the State of Indiana in Johnson County.

4. Plaintiff, MR. TOOLEY, is a qualified individual with a disability under the ADA. MR. TOOLEY suffers from Multiple Sclerosis, which causes severe nerve damage and affects his ability to walk and stand.

5. Due to his disability, Plaintiff MR. TOOLEY is substantially impaired in several major life activities and requires the use of mobility aids including a wheelchair, walker or a cane depending on his level of pain and fatigue on a daily basis.[1]

6. Defendant, COLE CV GREENWOOD IN, LLC, (hereinafter referred to as "COLE" or collectively as "Defendants"), is a Delaware Limited Liability Company registered to do business in the State of Indiana. Upon information and belief, Defendant is the owner, lessee, and/or operator of the real property and improvements, which are the subjects of this action, to wit: the "Property" generally located at 655 S US 31, Greenwood, IN 46142. Defendant is responsible for complying with the obligations of the ADA.

7. Defendant, CVS PHARMACY, INC., a Rhode Island Corporation (hereinafter referred to as "CVS" or collectively as "Defendants") is the operator of the real property and improvements which are the subject of this action, to wit: the "Property" a CVS Pharmacy store located at 655 S US 31, Greenwood, IN 46142. Defendant is responsible for complying with the obligations of the ADA.

8. All events giving rise to this lawsuit occurred in the Southern District of Indiana.

**COUNT I - VIOLATION OF TITLE III OF THE
AMERICANS WITH DISABILITIES ACT**

---

[1] Mr. Tooley is capable of walking short distances without assistance on good days.

9. Plaintiff realleges and reavers the preceding paragraphs as if they were expressly restated herein.

10. The Defendants' Property, which includes a CVS store, is open to the public and provides goods and services to the public.

11. Plaintiff MR. TOOLEY has visited the Property numerous times over the past year and attempted to utilize the goods and services offered at the Property. MR. TOOLEY plans to return to the Property in the near future.

12. While at the Property, MR. TOOLEY experienced serious difficulty accessing the goods and utilizing the services due to the architectural barriers discussed herein.

13. MR. TOOLEY continues to desire to visit the Property, but fears that he will again encounter serious difficulty and safety hazards due to the barriers discussed herein which still exist. Furthermore, but for the barriers to access described herein, Plaintiff would visit the Property more often.

14. Defendants are in violation of 42 U.S.C. § 12181 et seq. and 28 C.F.R. § 36.302 et seq. and is discriminating against the Plaintiff due to, but not limited to, its failure to provide and/or correct, the architectural barriers to access below, which were personally encountered by and hindered Plaintiff's access to the Property:

> A. Plaintiff encountered an inaccessible parking lot at the Property due to disabled use parking spaces which have obstructed access aisles due to poles and protruding curb ramps permanently placed in the access aisles of several of the spaces. The protruding ramps also cause several of the disabled use parking spaces to have slopes well in excess of 1:48.

      B.      Plaintiff encountered an inaccessible parking lot at the Property due to several disabled use parking spaces which lack signage to identify them exclusively for disabled use.

      C.      There are two curb ramps which protrude into the access aisle of disabled use parking spaces, as referenced above. These curb ramps additionally have excessive running slopes and steep side flare slopes.

      D.      There is a third curb ramp at the front of the store but it is not usable to persons in wheelchairs because it is blocked by the adjacent parking space wheel-stop. Additionally, it is not flush with the ground and does not make a smooth transition at the bottom of the pavement.

15. Plaintiff has visited the entire public premises described herein and encountered numerous barriers throughout.

16. Independent of his intent to return as a patron to the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendants.

18. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendants.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff demands judgment against Defendants, and requests the following injunctive and declaratory relief:

A. That the Court declares that the Property owned, leased and/or operated by Defendants is in violation of the ADA;

B. That the Court enter an Order directing Defendants to alter their facility to make it accessible and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing Defendants to evaluate and neutralize their policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendants to undertake and complete corrective procedures.

D. That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

Dated: September 21, 2018      Respectfully Submitted,

By:   *Louis I. Mussman* .
Louis I. Mussman, Esq.
Bar No. 597155
Ku & Mussman, P.A.
18501 Pines Blvd, Suite 209-A
Pembroke Pines, FL 33029
Tel: (305) 891-1322
Fax: (305) 891-4512
Louis@KuMussman.com

and

Eric C. Bohnet, Esq.
Attorney No. 24761-84
Attorney at Law
6617 Southern Cross Drive
Indianapolis, Indiana 46237
Tel: (317) 750-8503
ebohnet@gmail.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing First Amended Complaint was served by ECF electronic filing this September 21, 2018, on all counsel of record and will be served upon CVS Pharmacy, Inc., through its attorney by consent:

Robert L. Duston, Esq.
Saul Ewing Arnstein & Lehr, LLP
1919 Pennsylvania Ave., N.W
Suite 550
Washington, D.C. 20006
rob.duston@saul.com .
Counsel for CVS Pharmacy, Inc.

Cole CV Greenwood IN, LLC
c/o CT Corporation System
150 West Market Street, Suite 800
Indianapolis, IN 46204

By: *Louis I. Mussman*           .
Louis I. Mussman, Esq.